# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALID A. MUHAMMAD,<br>    Plaintiff | : <br> : <br> : | No. 1:19-cv-1373 |
| v. | : <br> : | (Judge Kane) |
| SGT. WEIKEL, et al.,<br>    Defendants | : <br> : | |

## MEMORANDUM

On August 8, 2019, pro se Plaintiff Walid A. Muhammad ("Plaintiff"), who is presently incarcerated at the State Correctional Institution Mahanoy in Frackville, Pennsylvania ("SCI Mahanoy"), initiated the above-captioned civil action by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff has also filed motions for leave to proceed in forma pauperis (Doc. Nos. 2, 13), additional statements of his claim (Doc. Nos. 10, 11), and a motion to appoint counsel (Doc. No. 5). Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint and for the reasons set forth below, will grant Plaintiff's motions to proceed in forma pauperis, dismiss his complaint, deny his motion to appoint counsel as moot, and direct the Clerk of Court to close the above-captioned action.

## I.  BACKGROUND

Plaintiff has named as Defendants in this action Sgt. Weikel ("Weikel"), Sgt. Gibbs ("Gibbs"), C.O. White ("White"), C.O. Randal ("Randal"), Imam Hnesh ("Hnesh"), C.O. Crest ("Crest"), C.O. Wynne ("Wynne"), C.O. Baldwin ("Baldwin"), and C.O. Hepner ("Hepner"). He alleges that from October 26, 2017 through July 30, 2019, Defendants "ha[d] the audacity

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

[and] tendency when they c[ame] on duty to cause misrepresentation maliciously calculated to harm [Plaintiff's] reputation by evil infest invade infringe affliction defecating and urinating in his [throat] noisome by persecuting disservice averment . . . psychological force pressure duress conspiring in stealthy." (Doc. No. 1 at 5.) He maintains that Defendants have caused him "grief and distress and pain and suffering and shock." (Id.) In addition, Plaintiff alleges that Defendants "caused to condemn [him] by mispris[i]on inward" and that they "intentionally conspire[d], undermine[d] in clandestine secret against [him] inward." (Doc. Nos. 10, 11.) As relief, Plaintiff requests $450,000.00 in "exemplary damages because of the continuing infringe, infest, invade, inward inroad damages," as well as for "impair[ments] [to his] head face and throat and eyes." (Doc. No. 1 at 5.)

Plaintiff previously filed a civil action against Defendants Weikel, Gibbs, White, Wynne, Randal, Crest, and Baldwin concerning the same subject matter of the above-captioned action. See Muhammad v. DeBalso, No. 1:19-cv-666, 2019 WL 2172812, at *1 (M.D. Pa. May 20, 2019). In that action, Plaintiff alleged that from October 28, 2017 through April 11, 2019, Defendants "have the tendency when they come on duty [to] cause defamation of character and conspiracy by maliciously harm[ing his] reputation." See id. In a Memorandum and Order dated May 20, 2019, the Court dismissed Plaintiff's complaint with leave to amend. See id. at *4. Specifically, the Court concluded that: (1) Plaintiff's complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure; (2) Plaintiff had not set forth a plausible civil conspiracy claim; and (3) Plaintiff's claims of defamation of character were not cognizable. See id. at *3. Plaintiff subsequently filed an amended complaint that did not cure the defects identified in his initial complaint. See Muhammad v. DeBalso, No. 1:19-cv-666, 2019 WL 2501467, at *3-4 (M.D. Pa. June 17, 2019). Accordingly, in a Memorandum and Order dated June 17, 2019, the

Court dismissed Plaintiff's amended complaint as frivolous and for failure to state claim and did not afford Plaintiff further leave to amend. See id. at *4.

## II. LEGAL STANDARD

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. See 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted.").

A complaint is frivolous if it lacks an arguable basis either in law or fact. See Mitchell v. Horn, 381 F.3d 523, 530 (3d Cir. 2003) (citing Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)). When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a

complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the

complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted).

### B. Claims Filed Pursuant to 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

5

## III. DISCUSSION

### A. Plaintiff's Complaint

Upon screening pursuant to the PLRA, the Court will dismiss Plaintiff's complaint. As an initial matter, the Court finds that the doctrine of res judicata, or claim preclusion, applies to the majority of Plaintiff's claims. The doctrine of res judicata precludes a party from relitigating the same claims against the same parties after those claims have already been decided on the merits. See Chen v. Fairfield Twp., 354 F. App'x 656, 658 (3d Cir. 2009). The following three (3) elements must be met for the doctrine to apply: (1) a final judgment on the merits must have been rendered in a prior suit; (2) the same parties or their privies must have been involved in both suits; and (3) the subsequent suit must be based on the same cause of action as the original. See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). Pursuant to the screening provisions of the PLRA, the Court may raise the issue of res judicata sua sponte. See Salley v. Rendell, No. 08-132, 2008 WL 1752246, at *9 (W.D. Pa. Apr. 14, 2008).

As noted above, in his previously-filed case, Plaintiff alleged that from October 28, 2017 through April 11, 2019, Defendants Weikel, Gibbs, White, Wynne, Randal, Crest, and Baldwin "ha[d] the tendency when they come on duty [to] cause defamation of character and conspiracy by maliciously harm[ing his] reputation." See Muhammad, 2019 WL 2172812, at *1. The Court dismissed the complaint for failure to state a claim. See id. at *3. Subsequently, the Court dismissed Plaintiff's amended complaint against those Defendants as frivolous and for failure to state a claim. See Muhammad, 2019 WL 2501467, at *4. It is well settled that a "[d]ismissal for failure to state a claim is a final judgment on the merits for res judicata purposes." See Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir. 2007). Moreover, in the above-captioned action,

6

Plaintiff seeks to assert the very same claims based on actions taken from October 28, 2017 through April 11, 2019 against Defendants Weikel, Gibbs, White, Wynne, Randal, Crest, and Baldwin as he did in his previous action. Moreover, while Plaintiff has added Defendants Hnesh and Hepner to the above-captioned action, res judicata also bars any claims against them for action alleged to have occurred between October 28, 2017 and April 11, 2019 because they are in privity with the other named Defendants. See Marran v. Marran, 376 F.3d 143, 151 (3d Cir. 2004) (noting that privity is "merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata"); see also Shockley v. Hosterman, 279 F. App'x 98, 99 (3d Cir. 2008) (noting that inmate-plaintiff's "attempt to add John Doe Prison Officials to the other defendants he named before does not change this conclusion because they are all prison officials in privity with one another"); Hackett v. Link, No. 18-CV-2230, 2018 WL 3328022, at *3 (E.D. Pa. July 6, 2018) (concluding that inmate-plaintiff's addition of new defendants did not defeat the application of res judicata because the two actions were based upon the same transactions and occurrences and were brought against officials at SCI Graterford); West v. Coupe, No. 14-1252-SLR, 2014 WL 6784319, at *3 (D. Del. Nov. 30, 2014) (dismissing inmate-plaintiff's § 1983 complaint as barred by res judicata because "the addition of new defendants to those plaintiff named before does not change this conclusion because they are all prison officials or medical personnel in privity with one another"). Thus, Plaintiff's claims against Defendants based on events that occurred from October 28, 2017 through April 11, 2019 are barred by operation of the concept of res judicata.

To the extent Plaintiff's claims are not barred by application of res judicata, they are frivolous and fail to state a claim upon which relief can be granted. First, the complaint, as

7

drafted, does not permit the Court to "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" See Fowler, 578 F.3d at 211 (citing Iqbal, 556 U.S. at 679). Plaintiff has not provided any facts regarding what actions he believes the Defendants took that violated his rights. While Plaintiff again mentioned conspiracy and defamation of character, he fails to state plausible claims for relief. The Court finds, therefore, that the complaint is devoid of any facts suggesting that Defendants entered into an agreement to violate Plaintiff's rights and fails to set forth facts regarding the role each Defendant played in carrying out a conspiracy. See Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)), abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 400 (3d Cir. 2003); Flanagan v. Shively, 783 F. Supp. 922, 928 (M.D. Pa. 1992). Moreover, Defendants are protected from Plaintiff's defamation claim under the doctrine of sovereign immunity, see 1 Pa. C.S. § 2310; Wicker v. Shannon, No. 3:CV-09-1629, 2010 WL 3812351, at *9 (M.D. Pa. Sept. 21, 2010) (citing 42 Pa. C.S.A. § 8522), and such a claim is not cognizable under § 1983. See Miller v. Trometter, No. 4:11-CV-811, 2012 WL 5933015, at *5 (M.D. Pa. Nov. 27, 2012); see also Paul v. Davis, 424 U.S. 693, 701 (1976).

Further, Plaintiff again has not plausibly alleged that he suffered any physical injury as a result of Defendants' alleged misrepresentations. The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." See 42 U.S.C. § 1997e(e). The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to

pursue their complaints." See Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (citation omitted).  To prevail on a claim for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate a physical injury that is less than significant, but more than de minimis.  See 42 U.S.C. § 1997e(e); see also Mitchell v. Horn, 318 F.3d 523, 535 (3d Cir. 2003).  Here, the allegations within Plaintiff's complaint fail to demonstrate either a physical injury resulting from Defendants' alleged misrepresentations or a "sexual act" under 18 U.S.C. § 2246(2).  Even if Plaintiff stated a constitutional violation, he is unable to recover compensatory damages because the complaint fails to suggest that he suffered a physical injury that was "an observable or diagnosable medical condition requiring treatment by a medical care professional."  See Rager v. Delbalso, No. 3:15-cv-2343, 2016 WL 2610019, at *2 (M.D. Pa. May 6, 2016) (citing In re Bayside Prison Litig., No. 09-2365, 2010 WL 4916716, at *3 (D.N.J. Nov. 23, 2010)).

### B. Leave to Amend

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court may decline to permit amendment, however, where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  See id.  The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion

9

to dismiss for failure to state a claim.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).  Based on the foregoing, the Court concludes that affording Plaintiff an opportunity to amend would be futile.  See Foman, 371 U.S. at 182; Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (stating that the futility exception mandates that a complaint, as amended, would fail to state a claim upon which relief may be granted).

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's motions to proceed in forma pauperis (Doc. Nos. 2, 13), will be granted and Plaintiff's complaint (Doc. No. 1), will be dismissed as frivolous and for failure to state a claim upon which relief may be granted.  Plaintiff will not be granted leave to file an amended complaint.  His motion to appoint counsel (Doc. No. 5) will be denied as moot.  An appropriate Order follows.